**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE<br><br>SUPERVALU INC. COMPUTER<br>SYSTEM INTRUSION LITIGATION | MDL No. _____ |

**MOTION OF DEFENDANT SUPERVALU INC. FOR TRANSFER FOR**
**COORDINATED OR CONSOLIDATED**
**PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Defendant Supervalu Inc. ("Supervalu") moves, pursuant to 28 U.S.C. § 1407, that the Panel transfer for coordinated or consolidated pretrial proceedings all actions listed on the Schedule of Actions filed herewith (the "Related Actions") to the United States District Court for the District of Idaho, and any follow on actions filed after the date of this Motion.

As indicated in the Schedule of Actions, two putative class actions concerning common factual questions relating to a criminal intrusion into Supervalu's computer system are pending in two different districts: one action in the Southern District of Illinois and one action in the District of Minnesota. As set forth below and in the accompanying Memorandum, the Related Actions satisfy the requirements for transfer and coordination or consolidation because they concern common questions of fact, and consolidation or coordination in the District of Idaho would best serve the convenience of the parties and witnesses and will promote the just and efficient conduct of all such actions.

The grounds for this motion are as follows:

1. Supervalu is a named defendant in each of the Related Actions, both of which are civil actions pending in federal district courts.

- 2 -

2. Each of the Related Actions contains numerous common factual allegations concerning the occurrence of an alleged criminal attack on Supervalu's computer system that resulted in an unauthorized intrusion in which third parties may have gained access to certain payment cardholder transaction information therein.

3. Each of the Related Actions purports to be a class action on behalf of consumers in a number of different states allegedly harmed in connection with the intrusion.

4. Because each case alleges a central core of similar operative facts relating to Supervalu's conduct that purportedly permitted the criminal intrusion into its computer system, transfer for consolidated or coordinated pre-trial proceedings "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of the Related Actions as required by 28 U.S.C. § 1407(a). Consolidation of all the Related Actions will eliminate duplicative discovery, prevent duplicative and conflicting pretrial rulings (especially with respect to class issues), conserve judicial resources, reduce the cost of litigation, and allow the cases to proceed more efficiently to trial.

5. In particular, substantial discovery conducted in each of the actions will likely be similar and will likely involve many of the same or similar documents and witnesses. There has been no discovery in any of the actions to date and no initial disclosures have been made. As a result, no prejudice or inconvenience will result from the transfer, consolidation, or coordination.

6. The District of Idaho is the most appropriate forum for the transfer because (a) Idaho is where Supervalu's data center is located and therefore is where the alleged criminal intrusion physically occurred; (b) the vast majority of the documents and witnesses relating to the allegations and claims of the Related Actions regarding the computer intrusion are likely to

be located within Idaho; and (c) only one MDL is currently pending in the District of Idaho and the district's docket conditions are conducive to efficient litigation.

    Respectfully submitted,

    **SUPERVALU INC.**

    /s/ Harvey J. Wolkoff
    Harvey J. Wolkoff, Esq. (MA 532880)
    **ROPES & GRAY LLP**
    Prudential Tower, 800 Boylston Street
    Boston, MA 02110-2624
    Telephone: (617) 951-7000
    Facsimile: (617) 951-7050
    Harvey.Wolkoff@ropesgray.com

Dated:  September 18, 2014    *Attorney for Defendant Supervalu Inc.*